UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WEST BATON ROUGE SCHOOL BOARD | CIVIL ACTION |
| VERSUS | NUMBER: 11-53-BAJ-DLD |
| WILLIAM JUDE DESHOTEL AND ANGELA GAIDRY DESHOTEL, ON BEHALF OF THEIR MINOR CHILD, T.D. | |

## ORDER

This matter is before the court on a referral from the district court of defendants' motion to compel responses and *ex-parte* motion to extend discovery deadlines, and counter-defendant the State's motion for leave to file a sur-reply. (rec. docs. 26 & 29). Defendants assert that the State[1] failed to provide initial disclosures by the August 29, 2011, scheduling deadline, and further failed to respond to written discovery within the requisite time delay (September 16, 2011). Defendants also contend that on September 26, 2011, a discovery conference was held, wherein the State agreed to provide the disclosures and responses within two weeks. When the disclosures and responses were not forthcoming, defendants filed the instant motion to compel responses on October 24, 2011. As a part of defendants' motion to compel, defendants requested a 60-day extension in the scheduling deadlines commensurate with the State's delay in providing discovery responses. Defendants also sought the State's agreement as to an extension in the deadlines pursuant to LR 7.3.1, but the State did not respond. (rec.doc. 26, pg. 3)

---

[1] The "State" is identified as including the State of Louisiana, Paul Pastorek, the Louisiana Department of Education, and Board of Elementary and Secondary Education. (rec.doc. 26, pg. 1)

In its opposition, the State asserts that it provided responses on November 9, 2011, and November 15, 2011, and requests that the motion to compel be dismissed as moot. (rec.doc. 27). The State did not file an opposition to the *ex-parte* motion for extension of the scheduling deadlines. (rec.doc. 27)

## GOVERNING LAW AND ANALYSIS

Federal Rule of Civil Procedure 37(a)(5)(A) states that if the initial disclosures or requested discovery is provided after the motion was filed,

> [T]he court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

In this case, it is undisputed that the State provided its disclosures and responses after defendants filed the instant motion to compel. Also, while the State was afforded an opportunity to be heard via its opposition to the motion to compel, the opposition does not provide the court with any explanation that the State's nondisclosure and failure to respond to discovery for such an extended period was substantially justified, or that there were other circumstances that would make an award of expenses unjust.[2] Further, defendants clearly made a good faith attempt to obtain the discovery without court intervention; thus, defendants have demonstrated to the court's satisfaction that Rule 37(a)(5)(A) sanctions are appropriate. While defendants have not specified an amount for the sanctions, the court has reviewed the motion to compel and finds that $500.00 is an appropriate sanction

---

[2] The court notes that the State now has filed a motion for leave to file a "sur-reply," and the court will grant the motion for leave to file the "sur-reply"; however, the "sur-reply" also does not provide any explanation for the lateness of the responses.

as initial disclosures and discovery responses were provided more than 60 days late and without explanation, despite the State's having been given additional time to provide the disclosures and responses.

Further, as defendants also now require an extension of the scheduling deadlines to compensate for the dilatory disclosures and responses provided by the State, and the State did not address its failure to respond to the request for an extension of the scheduling deadlines, the court therefore will grant the extension and will extend all deadlines by sixty (60) days.

Accordingly,

**IT IS ORDERED** that defendant's motion to compel responses is **GRANTED** as follows:

1. The motion to compel responses is **GRANTED** to the extent that the State and/or its counsel is ordered to pay sanctions in the amount of $500.00 to defendants within fourteen (14) days of this Order, pursuant to F.R.C.P. 37(a)(5)(A); and

2. The *ex-parte* motion for an extension of the scheduling deadlines is **GRANTED** as follows:

    A. The deadline for amending the complaint or adding new parties, claims, counterclaims, or cross-claims is **December 28, 2011.**

    B. **Filing** all discovery motions and **completing** all discovery except experts: **June 30, 2012.**

    **NOTE:** Any motions filed regarding written discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.

C. Disclosure of identities and resumés of experts: **July 28, 2012**.

Expert reports must be submitted to opposing parties:

**Plaintiff(s):** August 28, 2012.

**Defendant(s):** September 30, 2012.

D. Discovery from experts must be completed by **November 28, 2012.**

E. All dispositive motions must be filed on or before **December 29, 2012.**

The time limits set forth in this order shall not be modified except by leave of court upon a showing of good cause. In the event the parties have not previously notified the court that the matter is ready to be set for a pretrial conference, or the district judge has not already set a pretrial conference, this matter will be reviewed within 15 days of the expiration of the deadline to file dispositive motions (**December 29, 2012**), and assigned for a pre-trial/status conference if necessary. The parties may contact the court at (225) 389-3602 after discovery has been completed should they wish to schedule a settlement conference.

**IT IS FURTHER ORDERED** that the State's motion for leave to file a sur-reply is **GRANTED** (rec. doc. 29).

Signed in Baton Rouge, Louisiana, on December 16, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**