**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

WEST BATON ROUGE PARISH
SCHOOL BOARD                                    CIVIL ACTION

v.

WILLIAM JUDE DESHOTEL AND              NO. 11-00053-SDD-SCR
ANGELA GAIDRY DESHOTEL
INDIVIDUALLY AND ON BEHALF
OF THEIR MINOR CHILD, T.D.

**<u>RULING</u>**

Oral argument in this IDEA case was held on February 19, 2014 on the following

dispositive motions:   *Motion for Summary Judgment* filed on behalf of West Baton

Rouge Parish School Board ("WBRPSB")[1]; *Motion to Dismiss and/or for Summary*

*Judgment* filed on behalf of William Jude Deshotel, Angela Gaidry Deshotel, on behalf

of their Minor Child T.D. and Trustee Samera Abide   ("Deshotels")[2]; and *Motion to*

*Dismiss* Pursuant to 12(B)(1) and 12(B)(6) filed on behalf of the Louisiana State

Superintendent of Education, the Louisiana Department of Education, and the Louisiana

Board of Elementary and Secondary Education ("State Defendants").[3]  After

consideration of the law and argument of the parties', the Court grants the *Motion for*

*Summary Judgment* filed by the WBRPSB and the *Motion to Dismiss* filed by the State

Defendants and denies the Deshotels' *Motion to Dismiss and/or for Summary*

*Judgment*.

---

[1] Rec. Doc. 62.
[2] Rec. Doc. 58.
[3] Rec. Doc. 57.

I.      FACTS AND PROCEDURAL HISTORY

At the very heart of this case is the right of individuals with disabilities, such as the Deshotels' son, T.D., to an education and related services under the Individuals with Disabilities Education Act (IDEA).[4]  In 2007, T.D. began attending classes at Brusly Elementary School.[5]  During this time, T.D.'s behavior began to deteriorate and he became more aggressive at school.[6]  It is during this time period that the Deshotels contend that, unbeknownst to them, school employees utilized a Rifton Chair to control and discipline T.D.[7]  By the end of the 2007-2008 school year, T.D.'s behavior had become so dysfunctional that the Deshotels requested that the WBRPSB assess T.D. and provide free appropriate public education (FAPE) in accordance with the IDEA.[8]  The parties attempted an Individualized Educational Plan (IEP) for T.D. in May of 2008, but the IEP was not completed.[9]  In the summer of 2008, the Deshotels removed T.D. from school and enrolled him at Abilities, a private facility "for intensive, remedial services."[10]  Due to continued disagreements between the WBRPSB and the Deshotels

---

[4] 20 U.S.C. §§ 1400-1485.  Louisiana's Exceptional Student Act is codified at La. R.S. 17:1941, et seq. The State's regulations for implementing the Act are located in Title 28, Part XLIII, Bulletin 1706.  These regulations establishing the state complaint procedure are specifically located in Sections 152(A) and 151(A)(1).

[5] Rec. Doc. 7, p. 22, ¶90.

[6] Rec. Doc. 7, p. 23, ¶91.

[7] Rec. Doc. 7, p. 23, ¶¶96-97. The allegations relating to the use of the Rifton Chair and other physical abuse are subject to Complaint 3:10cv0081 presently pending before Chief Judge Jackson.  In this separate civil matter, the Deshotels are seeking damages arising out of tort for the School's decision to take such measures unilaterally without the parents' consent, knowledge, or permission.

[8] U.S.C. §1412(a)(1)(A) provides that "[a] state is eligible for assistance under this subchapter for a fiscal year if the State submits a plan that provides assurances to the Secretary that the State has in effect policies and procedures to ensure that the State" provides free appropriate public education, whereby "to all children with disabilities residing in the State between the ages of 3 and 21, inclusive, including children with disabilities who have been suspended or expelled from school."  Section 101 of Bulletin 1706 sets forth Louisiana's parallel regulation.

[9] Rec. Doc. 7, p.24, ¶103.

[10] Rec. Doc. 7, p. 25, ¶104.

regarding the best educational placement for T.D., the Deshotels have refused to send T.D. back to Brusly Elementary School.[11]

On July 10, 2009, the Deshotels filed an Administrative Complaint against the WBRPSB with the Louisiana Department of Education (LDE) alleging that T.D. had been deprived of his rights under the IDEA.[12]  Approximately two weeks later, on July 27, 2009, the WBRPSB requested a due process hearing on all of the issues raised in the 2009 Administrative Complaint, which the Deshotels opposed.[13]  The Independent Hearing Officer (IHO) granted the WBRSB's 2009 Due Process Hearing Request on only one issue:  whether the Deshotels were entitled to an Independent Educational Evaluation (IEE) at the public's expense.[14]  The remaining issues were to be considered by the LDE via the Administrative Complaint process.[15]  The IHO's decision regarding which issues within the parents 2009 Administrative Complaint would be subject to a due process hearing was non-appealable.[16]  In reaching his decision, the IHO relied upon Section 153(G)(1) of Bulletin 1706 for the position that "if a written complaint is

---

[11] Rec. Doc. 7, p. 26, ¶110 ("The Deshotels again asked that T.D. be re-evaluated by the school and that it be a multi-disciplinary evaluation and particularly include psychological and behavioral components."); ¶112 ("An IEP meeting was set for February 2, 2009…the school refused to include specific evaluation components that the Deshotels desired.");¶115 ("The IEP itself called for T.D. to be at the campus the **very next day**, and provided no transition plan…"); ¶123 ("Dr. Levelle's report was reviewed and rejected by the IEP team, and the school refused to consider additional information from T.D.'s primary doctor *despite no one on the IEP team being qualified to reject the findings of these two professionals*.")(emphasis original). Rec. Doc. 7-1, 2009 Administrative Complaint.  During oral argument, it was expressed that the Deshotels want to put their son back in school.

[12] Rec. Doc. 1-2, p. 2, ¶4; Rec. Doc. 7-1. The 2009 Administrative Complaint filed by the Deshotels was logged by the LDE as Docket No. 90-C-2.

[13] Rec. Doc. 1-2, p.2, ¶5; Rec. Doc. 7-6; Rec. Doc. 7-7.  The 2009 Due Process Hearing Request was docketed as 90-H-3.

[14] Rec. Doc. 1-2, p.2, ¶5; Rec. Doc. 59-1.

[15] Rec. Doc. 1-2, p.2, ¶5. ("All other issues which the School Board sought to address in the due process were effectively returned to the authority of the LDE to address via the applicable state complaint process.").

[16] During oral argument, the Deshotels argued that WBRPSB should have filed a complaint after the IHO entered his final ruling on the November 3, 2009 seeking review and requesting the Court issue a mandamus directing the hearing officer to hear and rule upon all issues in the Deshotels' State Administrative Complaint.

also the subject of a due process hearing it shall be set aside."[17]  The IHO reasoned that "[t]o rule that a school district could force parents who file state complaints to defend themselves in a due process hearing is contrary to the language of Bulletin 1706."[18]  It was the IHO's position that the choice of forum or process is left to the sole discretion of the parents, or the Deshotels.

Following the due process hearing,[19] the IHO found that the Deshotels were entitled to an IEE at public expense to include a Functional Behavioral Assessment and a Psychological Assessment.[20]  Upon completion of the IEE, the WBRPSB was directed to convene a new IEP meeting and prepare a new IEP.  WBRPSB did not appeal the IHO ruling.[21]

In the meantime, the LDE administrative complaint process was ongoing as to the following allegations: WBRPSB's failure to provide Extended School Year Program ("ESYP") for the Summer of 2008 and initial provision of FAPE for the 2008-2009 School Year; WBRPSB's refusal to reschedule an IEP meeting, and invoking a change

---

[17] Rec. Doc. 59-1.  Bulletin 1706 contains the regulations for the implementation of the Louisiana Children with Exceptionalities act.  The formal written complaint procedure is found in Section 153.  Subsection (G)(1) of Section 153 specifically provides that "[i]f a written complaint received is also the subject of a due process hearing under §507 or §§530 through 532 or, if it contains multiple issues, of which one or more is part of that hearing, the LDE shall set aside any part of the complaint that is being addressed in the due process hearing until the conclusion of the hearing.  However, any issue of the complaint that is not part of the due process action shall be resolved, using the time limit and procedures described in Subsections A and B of this Section."

[18] Rec. Doc. 59-1, p. 1.

[19] The hearing was docketed as LDE Docket No. 90-H-3, and was held from October 6 through October 7, 2009.  The IHO's 2009 Ruling was rendered on November 3, 2009.

[20] Rec. Doc. 7-8; Rec. Doc. 78-1, p.5, ¶10. Because the IHO determined that the "Re-Evaluation of T.D. was incomplete because the school board knew or should have known T.D. had behavioral concerns and they did not complete a Functional Behavioral Assessment," he concluded that the Deshotels were "entitled to an Independent Educational Evaluation at public expense to include a Functional Behavioral Assessment and a psychological assessment.  Upon the completion of the Independent Educational Evaluation, the board shall convene a new IEP meeting to prepare a new IEP."  Rec. Doc. 7-8, p. 13.

[21] Rec. Doc. 78-1, p. 4, ¶7.

of placement for T.D. without parental consent; WBPRSB's refusal to reschedule an IEP

meeting; and WBRPSB's rulemaking resulting in a denial of FAPE.[22]

On October 13, 2009,[23] the LDE ruled in favor of the Deshotels ordering that the

WBRPSB implement a Corrective Action Plan ("CAP").[24]   The WBRPSB moved for

reconsideration[25] alleging numerous errors.   The LDE rendered its *Final Decision* on

November 20, 2009 and, aside from one issue pertaining to reimbursement, it upheld

the CAP.[26]

The WBRPSB attempted to appeal the LDE 2009 Administrative Complaint

Decision by filing a *Petition* in the 19th Judicial District Court[27] but was met with a

dilatory exception filed by the LDE.[28]   The LDE argued that the WBRPSB's appeal was

premature because the appropriate remedy was to request a due process hearing on

---

[22] Rec. Doc. 7-1; Rec. Doc. 7-3.

[23] Rec. Doc. 1-2, p. 3, ¶6; Rec. Doc. 7-3. The LDE stayed consideration of the issue of the WBRPSB's "[f]ailure to reevaluate in all areas of suspected disability, as requested by parent" until the final resolution of the 2009 Due Process Hearing. Rec. Doc. 7-3, p. 11.

[24] Rec. Doc. 7-3, pp. 14-15.  The CAP Summary required the WBRPSB to (1) "Within thirty (30) days of the date of this letter … amend its homebound policy and Physician's Information Form to provide for services for students with disabilities  within the parameters of IDEA"; (2) provide reimbursement to the Deshotels for various services  (e.g. educational services, occupational therapy services, psychological services, speech therapy, mileage) provided by the parents for T.D. for various time periods; (3) hold within thirty (30) days of the date of this letter, "an IEP meeting to determine the quantity and quality of compensatory services for the same time periods listed above in which T.D. was denied FAPE.  The IEP team may rely on testing results, evaluation report, or an IEE report should it be required in making this determination"; (4) ""Within thirty (3) days of the date of this letter, appropriate WBRPSS staff and T.D.'s parents must meet to determine T.D.'s appropriate placement.  The Deshotels may include Dr. Levelle or any other person knowledgeable about T.D.'s needs.  If that group determines that T.D. is ready to begin returning to school, WBRPSS must convene an IEP meeting to write a transition plan prior to his return to school."

[25] Rec. Doc. 7-4.

[26] Rec. Doc. 7, Rec. Doc. 7-5, and Rec. Doc. 21.  In its final ruling, the LDE affirmed its previous corrective action plan with one exception.  The LDE made modifications to "the portion of the complaint decision that order[ed] reimbursement for services and mileage from July 10, 2008 through the beginning of the 2008-2009 school year" thereby reducing some of the repayment owed by the WBRPSB.  Rec. Doc. 7-5, p. 8.

[27] Rec. Doc. 8-4. *West Baton Rouge Parish School Board v. Louisiana Department of Education*, 19th Judicial District Court, Division C, Civil Action No. 585, 789.

[28] Rec. Doc. 8-5.  The Deshotels attempted to intervene in the 19th Judicial District proceeding. Rec. Doc. 8-6 and 8-7.

the LDE's administrative findings.[29]   Apparently finding some merit in the LDE's argument, the WBRPSB filed a request for a Due Process Hearing on July 7, 2010[30] on the issues addressed in the 2009 Administrative Complaint Decision.

The Deshotels opposed the 2010 Due Process Hearing Request contending the WBRPSB had not made a good faith effort to comply with the 2009 Due Process Ruling.[31]   The Deshotels further argued that the IHO had not set a deadline for obtaining the IEE;  therefore, the WBRPSB had to let the process run its course.[32]   Above all else, the Deshotels argued that the WBRPSB was attempting to use the 2010 Due Process Hearing Request as a means to relitigate issues that had already been considered in the 2009 Due Process Hearing; hence, they were barred by *res judicata* and prescription.[33]   After considering the parties' arguments, the WBRPSB's 2010 Due Process Hearing Request was ultimately denied.[34]   The IHO found merit in the Deshotels' *res judicata* and prescription arguments.[35]   He further found that the WBRPSB's request for a Declaratory Judgment—to approve its actions taken in

---

[29] The 19th Judicial District Court also found merit in the LDE's argument as Judge Caldwell granted the LDE's exception.   The WBRPSB's lawsuit was dismissed for lack of subject matter jurisdiction. Rec. Doc. 59-4.

[30] Rec. Doc. 1-2, p.2, ¶7. Rec. Doc. 62-4. (LDE Log. No. 01-H-1).

[31] Rec. Doc. 62-7; Rec. Doc. 62-8.

[32] Rec. Doc. 62-7, p. 4.

[33] Rec. Doc. 7-10, p. 6; Rec. Doc. 62-7, p. 6. "WBRPSB is also attempting to use this new Due Process request to re-litigate issues which are already a final ruling by a prior IHO and to make claims based on actions/inactions that are prescribed.  In contrast to WBRPSB's 'Description of the Nature of the Problem' defining it as an impasse over enforcement of the November 2009 DP Ruling, the majority of the content of the five 'Issues' enumerated in its **Request** simply re-hash pre-October 2009 events and complain of the supposed incorrectness of the prior IHO's Ruling.  More specifically, the majority of **Issue #1** and then the entirety of **Issues #2-5** are *res judicata* from the earlier Hearing, and/or are prescribed as to any new action, and/or are otherwise irrelevant to the current problem which is the enforcement of the prior ruling. The Deshotels OBJECT to the attempted re-opening or re-litigation of any prescribed or ruled upon issues…."

[34] Rec. Doc. 1-2, p. 3, ¶8; Rec. Doc. 58-3, p. 3, ¶18; Rec. Doc. 78-1, p.7; ¶18. The IHO on the WBRPSB's 2010 Due Process Hearing Request issued two rulings in response to the Deshotels' objections to the sufficiency of the complaint.  The first ruling was rendered on July 20, 2010 and the second ruling was rendered on July 27, 2010. Rec. Doc. 62-6 and Rec. Doc. 62-5.

[35] Rec. Doc. 62-6.

response to the November 3, 2009 Due Process Decision—did not propose or refuse to initiate or change the identification, evaluation, or educational placement of the student, or the provision of FAPE.[36]   Thus, to the extent the WBRPSB sought a declaratory judgment, the 2010 Due Process Hearing Request did not satisfy the mandatory requirements of La. Bulletin 1706, Section 504.[37]

Undeterred, the WBRPSB filed a State Court *Petition* in the 18th Judicial District Court against the Deshotels appealing the denial of 2010 Due Process Hearing Request.[38]   Subsequently, on January 27, 2011, the Deshotels removed the state court matter to this Court.[39]   Upon removal, the Deshotels' filed an *Answer* and a *Counterclaim* against the WBRPSB and the State Defendants.[40]

## II.   LAW

### A.   Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss

"A complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to hear the case. The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting

---

[36] Rec. Doc. 62-5, p. 4; Rec. Doc. 78-1, p. 7, ¶18.

[37] Rec. Doc. 62-5, p. 4.

[38] Rec. Doc. 58-3, p. 3, ¶19; Rec. Doc. 78-1, p. 7; ¶19. *West Baton Rouge Parish School Board v. William Jude Deshotel and Angela Gaidry Deshotel, on Behalf of Their Minor Child, T.D.*, Case Number 38,933, Division B, 18th Judicial District Court. Rec. Doc. 1-2.  In their Notice of Removal, the Deshotels alleged that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 "as the subject-matter alleged by plaintiffs in the Petition arises under the Constitution, laws or treaties of the United States, the 'IDEA' 20 U.S.C. § 1401, et seq. as explicitly stated in paragraph 9, 10, and 11 of the Petition."  Rec. Doc. 1-1, p. 2, ¶ III.

[39] Rec. Doc. 1.

[40] Rec. Doc. 7.  The Deshotels filed their First Amended Counterclaim against the Louisiana Public Schools Risk Management Agency (LARMA) on June 14, 2013.  Rec. Doc. 54.

jurisdiction."[41] Rule 12(b)(1) motions are subject to the same standard employed in determining whether Plaintiff has stated a viable claim under Rule 12(B)(6).

In deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[42]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[43]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[44]  In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[45]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[46]  However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[47]  In order to satisfy the plausibility standard, the

---

[41] *Williams v. Ascension Parish School Bd.*, 2011 WL 2011481, *2 (M.D.La. 5/16/11)(citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) and *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)).

[42] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

[43] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)(quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

[44] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929(2007)).

[45] *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (internal citations and brackets omitted)(hereinafter *Twombly*).

[46] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").

[47] *Id.* at 678.

plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[48]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[49]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[50]

The Court "has the power to dismiss for lack of subject-matter jurisdiction on any of one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by the undisputed facts plus the court's resolution of disputed facts."[51]  "If lack of subject matter is challenged on the basis of the face of the complaint itself, then the well-plead allegations of fact within the complaint are assumed to be true for that purpose.  If, however, subject matter jurisdiction is challenged from a factual standpoint, then the court has the right to consider testimony, affidavits, or other evidence outside the pleadings to satisfy itself that subject matter jurisdiction does in fact exist."[52]

### B.    Rule 12(c) Motion for Judgment on the Pleadings

Because the Deshotels and the State Defendants filed *Answers*[53] before filing their respective dispositive motions, to the extent the motions seek dismissal under Rule 12(b)(6) they are converted to *Motions for Judgment on the Pleadings* under Rule 12(c)

---

[48] *Id.*

[49] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099 at *2 (S.D. Tx. May 3, 2012)(quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

[50] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

[51] *Jasper v. FEMA*, 414 Fed.Appx. 649, at 651 (5th Cir. 2011)(citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); see also, *Deshotel v. West Baton Rouge Parish School Bd.*, 937 F.Supp. 826 (M.D.La. 2011), on reconsideration in 584 F.Supp.2d 894, the Court held that parents failed to exhaust administrative remedies and settlement agreement unenforceable and Court had no subject matter jurisdiction over case and granted Defendants' Motion to Dismiss.

[52] *J.M.C. ex rel. E.G.C. v. Louisiana Bd. of Elementary and Secondary Educ.*, 562 F.Supp.2d 748, at 752 (M.D.La. 2008)

[53] Rec. Doc. 7; Rec. Doc. 21.

of the Federal Rules of Civil Procedure.  A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is evaluated on the same basis as a motion to dismiss under Rule 12(b)(6), previously discussed.[54]

### C.    Rule 56 Motion Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[55]  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[56]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[57]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[58]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[59]

---

[54] *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010)(citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

[55] Fed.R.Civ.P. 56(a).

[56] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, at 398-99 (5th Cir. 2008).

[57] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, at 494 (5th Cir. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, at 323-25, 106 S.Ct. at 2552)).

[58] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, at 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

[59] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, at 315 (5th Cir. 1995) )(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[60]  All reasonable factual inferences are drawn in favor of the nonmoving party.[61]  However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[62]  "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[63]

### D.    The IDEA and Louisiana's Correlating State Law

Under the IDEA, any party has the opportunity to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a FAPE to such child.[64]  In certain instances when a complaint has been filed, the parents or the LEA shall have an opportunity for an impartial due process hearing, which shall be conducted by the State Educational Agency (SEA) or by the LEA, as determined by State law or by the SEA.[65]

The federal regulations provide that if a written complaint is received that is also subject to a due process hearing, then the State must set aside any part of the complaint being addressed via hearing until the hearing concludes.[66]  If an issue

---

[60] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[61] *Galindo v. Precision American Corp.*, 754 F.2d 1212, at 1216 (5th Cir. 1985).
[62] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, at 857 (5th Cir. 2010).
[63] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, at 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[64] 20 U.S.C. § 1415(b)(6)(A).
[65] 20 U.S.C. §1415(f)(1)(A).
[66] 34 C.F.R. §300.152(c).

asserted in a complaint has previously been decided in a due process hearing involving the same parties, then the due process hearing decision is binding on that issue.[67]

Louisiana's state complaint procedure provides that "an organization or individual … may file a signed written complaint" related to "the identification, evaluation, educational placement, or the provision of a free appropriate public education (FAPE) to a student with a disability."[68]   Whereas, the state complaint procedures permit either "a parent or public agency may file a Request for Due Process Hearing . . . (relating to the identification, evaluation, or educational placement of a student with a disability, or the provision of FAPE to the student)."[69]   "The due process hearing request shall allege a violation that occurred not more than one year before the date the parent or public agency knew or should have known about the alleged action that forms the basis of the request for due process hearing."[70]   The regulations set forth additional specifics for what must be included within the request for a due process hearing, objections to sufficiency of such requests, and notice requirements.[71]

---

[67] *Id.*
[68] Bulletin 1706, Sections 152 and 151(A)(1).
[69] Bulletin 1706, Section 507(1).
[70] Bulletin 1706, Section 507(2).
[71] Bulletin 1706, Section 508.

### III. THE WBPRSB'S AND DESHOTELS' CROSS-MOTIONS FOR SUMMARY JUDGMENT[72]

The Deshotels contend that the WBRPSB's complaint fails to state a claim upon which relief can be granted, as the 2009 Administrative Complaint Decision cannot be the subject of redress in a judicial court.  They further contend there are no genuine issues of material fact because all of the underlying causes of action arising out of its 2009 Administrative Complaint have prescribed, are barred by *res judicata*, or are moot.[73]

In its cross-motion for summary judgment, the WBRPSB contends that it is entitled as a matter of law to a due process hearing under the IDEA on those issues that were severed and the subject of the LDE's October 2009 Administrative Complaint, as well as the November 2009 and March 2010 IEPs.  The WBRPSB also contends that the issues constitute appropriate subject matter for such request and that its request was timely.  In the alternative, it argues that if the Court finds the 2009 Administrative Complaint issues are time barred, hearings on the 2009 and 2010 IEPs are nonetheless timely.  The WBRPSB seeks summary judgment vacating the IHO's 2010 Ruling which denied the WBRPSB's 2010 Due Process Hearing Request regarding issues of FAPE for T.D.

---

[72] In response to the WBRPSB's *Statement of Facts of Which There is No Genuine Issue to be Tried*, the Deshotels submitted a 43 page document in rebuttal. (Rec. Doc. 62-2).  In their response, the Deshotels contend that certain facts are undisputed (Nos. 1, 2, 3, and 7); others are disputed but not material (Nos. 4, 10. 15, 18, 20); and that certain facts are immaterial (Nos. 5, 6, 9, 11, and 13).  However, the Deshotels argue that five (5) of the WBRPSB's facts are disputed and material. (Nos. 12, 14, 16, 17, and 19).  The Court disagrees as it finds that the Deshotels' disputed facts are more accurately described as "argument" better reserved for their memoranda.  And as to some of the contested facts, the Deshotels are actually in agreement. (i.e., The Deshotels do not dispute the amount of time it took to submit the IEE to the WBRPSB).  However, the Court does agree with the Deshotels on one point: as to the substance of the procedural documents at issue, the documents in the record speak for themselves.

[73] Rec. Doc. 58; Rec. Doc. 58-1.

A.      Standing to Bring Appeal

The Deshotels argue that the WBRPSB's IEE claims are moot because it produced a completed IEE to the school board in October of 2010.  In opposition, the WBRPSB stands firm in its position that it is neither contesting the time it took the Deshotels to complete the IEE, nor the requirement that the IEE be paid by public monies.[74]  Rather, the school board argues that it has standing because the "dicta from the IHO's 2009 due process decision indicated that the FAPE offer could not be determined until the [IEE] was completed."[75]  It is the WBRPSB's position that after completion of the IEE, while the LDE determined that the May 2011 IEP was an offer of FAPE, the LDE never acknowledged whether the IEPs offered between February of 2009 and May of 2011 were also valid offers of FAPE.  Hence, the WBRPSB contends its appeal is justiciable.

"Mootness is the doctrine of standing in a time frame.   The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)."[76]  Before considering any other issues presented by the parties, the Court must resolve the issue of mootness "as a threshold  matter of jurisdiction."[77]   "A claim becomes moot when 'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'"[78]   Pursuant to the LDE's CAP, the WBPRSB must reimburse expenses to the Deshotels until FAPE is

---

[74]  The WBRPSB specifically argues that the Deshotels "apparently misconstrue the IEE delay as contesting the IEE itself and not, as the School Board has argued, [a]s one pertaining to the IEP process and development of IEPs."  Rec. Doc. 78, p.10, n. 34.
[75]  Rec. Doc. 78, p. 11; Rec. Doc. 7-8.
[76]  *Environmental Conservation Organization v. City of Dallas*, 529 F.3d 519, 524-25 (5th Cir. 2008).
[77]  *Id.* at 525 (quoting Cole v. Gen. Motors Corp., 484 F.3d 717, 721 (5th Cir. 2007).
[78]  *Libertarian Party v. Dardenne,* (M.D.La. Mar. 24, 2009)(quoting *Smith v. Winter, 782 F.2d 508, 510 (*5th Cir. 1986), *citing Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491, 502 (1969)).

deemed offered.  The 2009 Due Process Ruling indicated that there could be no determination of whether there had been an offer of FAPE until the IEE was completed. Although the IEE was not completed until October of 2010, there were IEPs offered prior to its completion that if deemed offers of FAPE could mitigate the school board's reimbursement payment.  The Court finds that there exists a controversy between the parties and the appeal is not moot.  Accordingly, the Deshotels' *Motion to Dismiss and/or for Summary Judgment* is denied as to the issue of mootness.

**B.  Subject Matter of the 2010 Due Process Hearing Request**

In its summary judgment motion, the WBRPSB argues that its 2010 Due Process Hearing Request satisfies Louisiana's Notice Requirements set forth under Section 504(A) of Louisiana Bulletin 1706 because the subject matter of the request pertained to FAPE for T.D.[79]  In opposition and in its cross-motion for summary judgment, the Deshotels contend that the IHO's decision should be upheld as he correctly found the issues within the 2010 Due Process Hearing Request were barred by *res judicata* and prescription, and fell outside of the scope of the IDEA's framework.

1.  <u>Weight Afforded to IHO on Review and Burden of Proof</u>

The parties do not dispute that the Court exercises *de novo* review of the IHO's decision on the due process hearing under the IDEA.  The Court must receive the record of the administrative proceedings and, if requested, it must take additional evidence.[80]  The Court "must accord 'due weight' to the hearing officer's findings, but

---

[79] The WBRPSB contends that IHO's Ruling "was fatally flawed in that it did not explain how the School Board, in seeking to address multiple issues pertaining to T.D.['s] special education and related services, including but not limited to his individualized education program (IEPs), failed to constitute issues which fell under the legal parameters of 'any matter' pertaining to FAPE or fall within one of the few very narrow exceptions to the School Board's right to hearing." Rec. Doc. 62-1, p. 10.

[80] *Houston Independent School District v. Bobby R.*, 200 F.3d 341, at 347 (5th Cir. 2000).

'must ultimately reach an independent decision based on a preponderance of the evidence."[81]  The U.S. Supreme Court has explained that the burden of proof "in an administrative hearing challenging an IEP is properly placed upon the party seeking relief … the rule applies with equal effect to school districts:  if they seek to challenge an IEP, they will in turn bear the burden of persuasion before an ALJ."[82]  Hence, the WBRPSB bears the burden of proof in this case.

2.  <u>Sufficiency of Due Process Complaint Notice</u>

Pursuant to the IDEA and Section 507 of the Louisiana Bulletin 1706, a party filing a due process hearing complaint must include certain information in its notice.[83] Insufficient notice may result in dismissal of the due process hearing.[84]  In this case, the Deshotels filed two sufficiency challenges to the WBRPSB's notice; the WBRPSB filed its response to the challenge.[85]  The IHO issued two Rulings in response to the challenges and determined that the claims brought in the 2009 LDE Administrative Complaint were *res judicata* or had prescribed and that the WBRPSB's request for a declaratory judgment fell beyond the scope of the IDEA.[86]

---

[81] *Id.* (citing *Board of Education v. Rowley*, 458 U.S. 176, 181, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982) and *Cypress-Fairbanks Independent School District v. Michael F.*, 118 F.3d 245, 252 (5th Cir. 1997)).

[82] *Schaffer ex rel. v. Weast*, 546 U.S. 49, 126 S.Ct. 528, 537, 163 L.Ed.2d 387 (2005).

[83] For instance, Section 508(B) of the Bulletin provides that the following content must be included in the written request for due process: The student's name; the address of the residence of the child; the name of the school the child is attending; in the case of a homeless student or youth (within the meaning of Section 725(2) of the McKinney-Vento Homeless Assistance Act (42 U.S.C. 11434 a(2)), available contact information for the student, and the name of the school the student is attending; a description of the nature of the problem of the student relating to the proposed or refused initiation or change, including the facts; a proposed resolution of the problem to the extent known and available to the person requesting the hearing at the time.

[84] Louisiana Bulletin 1706, Section 508(D).

[85] Rec. Doc. 7-10; Rec. Doc. 7-11; Rec. Doc. 8-2. Within the WBRPSB's response, it also sought reconsideration of the IHO's initial ruling on the sufficiency challenge.

[86] As to the WBRPSB's request for declaratory judgment through the 2010 Due Process Hearing Request the IHO concluded that the WBRPSB's inability to implement the findings of a prior Due Process ruling is not an authorized basis for a Due Process Hearing request, and that the WBRSPB's request for a declaratory judgment "does not propose, nor refuse, to initiate or change the identification, evaluation, or

The Court finds that, to the extent the WBRPSB seeks review of the 2009 Due Process Hearing or a declaration that it has complied with the 2009 Due Process Ruling requiring an IEE at public expense, the IHO's finding is correct.  However, this does not resolve this issue in its entirety.[87]

The sole issue before the IHO in 2009 was the Deshotels' request for an IEE.[88] Therefore, the ruling had no bearing on the validity of past or future IEPs.  While the LDE found that the May 2011 IEP was an offer of FAPE, the LDE did not address whether the other IEPs offered between February 2009 and May 2011 were valid offers/opportunities for FAPE.  WBRPSB contends that a determination as to when an IEP offered FAPE is critical to the issue of reimbursement under the LDE's CAP, and is appropriate subject matter for a due process hearing.  The Court agrees.  Therefore, to the extent the WBRPSB seeks a due process hearing on whether the IEPs offered between February 2009 and March 2010 are valid offers of FAPE to T.D., the Court finds such a due process hearing is appropriate because the subject matter falls within the purview of the IDEA and Section 504 of Louisiana Bulletin 1706.[89]

---

educational placement of the student of the provision of FAPE to the student also does not meet the requirements of Section 504." Rec. Doc. 7-10; Rec. Doc. 7-11.

[87] In response to the Deshotels' sufficiency challenge, the WBRPSB did explain that it sought a declaratory ruling that "it has and continues to offer and make FAPE available to T.D. via the November 2009 and March 2010 IEPs" and because "no conclusive ruling has been issued via a due process on whether any IEP offered by the WBRPSB was consistent with the child's right to a FAPE." Rec. Doc. 8-2, p. 6.

[88] Rec. Doc. 7-8; p.3. "The school board filed the due process request to contest the parents' request for an Independent Educational Evaluation ('IEE')."

[89] Louisiana Bulletin 1706, Section 504(A)(1) and (2) provides:  "Written notice that meets the requirements of Subsection B of this Section shall be given to the parents of a student with a disability a reasonable time before the public agency: (1) Proposes to initiate or change the; or (2) Refuses to initiate or change the identification, evaluation, or educational placement of the student or the provision of a free appropriate public education to the student."

The Court finds that the WBRPSB has carried its burden of proof and is entitled to a due process hearing because these claims are neither barred by *res judicata* nor prescription.

## B.   Are LDE Administrative Complaint Decisions Final Adjudications?

The Deshotels contend any claims addressed by the LDE in its 2009 Administrative Complaint Decision are barred by *res judicata* because they are not subject to appeal or judicial review.   In other words, according to the Deshotels, such administrative decisions are final adjudications.   The Court disagrees.

As this Court has explained, before a party can seek judicial review under the IDEA, exhaustion of the due process hearing procedures is required; however, "the state complaint procedure, being 'different in purpose, scope and procedure' is insufficient to satisfy the exhaustion requirement."[90]   Notably, as the Deshotels correctly point out, Louisiana's state complaint procedure provides no regulatory or statutory authority for judicial review of an LDE complaint decision.   And yet, in order for the WBRPSB to seek review under the IDEA, a hearing is required.   The Court finds this statutory impasse between the LAC and the IDEA problematic.

In an effort to bridge this gap, and finding no controlling Fifth Circuit authority, the Court looks to the "great lakes state" of Michigan for guidance.   In *Grand Rapids Public Schools v. P.C. and T.C. ex rel. D.C.*,[91] one of the issues before the District Court was whether a due process hearing could be used to challenge the findings of a state

---

[90] *J.M.C. v BESE*, 562 F.Supp.2d 748 (M.D.La. 2008)("IDEA requires exhaustion of the due process hearing procedures before filing for judicial review"). On reconsideration, the J.M.C. court altered its original ruling on jurisdiction over the enforcement of a settlement agreement between the parties; however, this has alteration has no bearing on the legal premise upon which this Court relies. 584 F.Supp.2d 894.

[91] 308 F.Supp.2d 815 (W.D.Mich. 2004).

agency's complaint investigation. In reaching its decision, the court reasoned that "in the event of statutory ambiguity, the IDEA is better read to **permit more process** (a due process hearing following a separate investigation) **as opposed to less process** (the investigation foreclosing a later statutorily referenced due process hearing)."[92] The Louisiana Supreme Court has similarly interpreted the state's Administrative Procedures Act (APA) as providing more process as opposed to less: "It is well settled that the right of judicial review of the administrative proceedings is presumed to exist. It has been held that such review is necessary to the validity of administrative proceedings under our legal system and traditions."[93] Clearly, the Court finds that where there is a void of process provided under the IDEA or the state administrative complaint process, more process, whether that be in the form of a hearing or judicial review, is necessary.

The Court also finds Louisiana jurisprudence in the context of the APA instructive. The Louisiana Supreme Court has explained that "[a]n adjudication is a proceeding resulting in an order or decision. A decision or order is, for purpose of the act, a disposition required by constitution or statute to be made only after notice and a hearing. Therefore, unless there is some provision in the constitution or statutes requiring a hearing, an agency disposition is not a 'decision' or 'order' as defined for

---

[92] *Id.* at 817. (emphasis added). In another decision out of the Western District if Michigan, *Lewis Cass Intermediate School Dist. V. M.K. ex rel. J.K.*, 290 F.Supp.2d 832 (W.D. Mich. 2003), the court referred to interpretive rulings of the IDEA by the U.S. Department of Education's Office of Special Education Programs (OSEP). When asked if a State complaint decision may be appealed, the OSEP provided the following response: "[t]he regulations are silent as to the whether a state complaint decision may be appealed. Part B neither prohibits nor requires the establishment of procedures to permit either party to request reconsideration of a State complaint decision … However, *if the issue(s) is still in dispute, the parent or public agency may, if they have not already done so, initiate a due process hearing.*" *Id.* at 836. (emphasis original). The *Lewis Cass* Court further explained that "[i]n short, OSEP construes the IDEA as granting a parent or public agency the right to raise 'complaint issues' related to the 'provision of FAPE to the child' in a due process hearing." *Id.*
[93] *Delta Bank & Trust Co. v. Lassiter*, 383 So.2d 330, at 336 (La. 1980).

purposes of the act."[94]   Accordingly, the Court finds that the LDE's decision on the Deshotels' 2009 Administrative Complaint is not an adjudication that would bar the WBRPSB from requesting a due process hearing on those issues.

Accordingly, the Court denies the Deshotels' *res judicata Motion to Dismiss for Failure to State a Claim Due to a Lack of Judicial Procedure for Review and Motion for Summary Judgment.*

### C.    Prescription of the 2009 LDE Complaint's Underlying Claims

The Deshotels argue that WBRPSB's 2010 Due Process Hearing Request is time barred by virtue of the one year prescriptive period in La. R.S. 17:1946(B)(1). The Deshotels argue that the claims raised in the school board's 2010 Due Process Hearing Request relate back to its 2009 Administrative Complaint, which involves matters that occurred between July 10, 2008 and July 10, 2009.  WBRPSB responds that the 2010 Due Process Hearing Request was filed timely in July of 2010, because prescription did not begin to run until November 13, 2009, when the LDE issued its Final 2009 Administrative Complaint Decision.

La. R.S. 17:1946(B)(1) provides that

[t]he right of a parent or public agency to initiate a request for a special education due process hearing shall prescribe within one year of the date the parent or public agency knew or should have known about the alleged action that forms the basis of the request.

Unable to find any Fifth Circuit jurisprudence applying the foregoing statute to a similar fact pattern such as this, the Court finds the recent District Court of Eastern Michigan decision, *Atlanta Community Schools v. Alpena-Montmorency-Alcona*, instructive.[95]

---

[94] *Id.* at 333.
[95] *Atlanta Community Schools v. Alpena-Montmorency-Alcona Educational Service District*, 2012 WL 4133563 (E.D. Mich. Sept. 18, 2002).

In *Atlanta Community Schools*, the plaintiffs (school districts), sought to appeal the final decision of the Michigan Department of Education (MDE) in an IDEA based state complaint context.  Under Michigan's regulations, there was no express statutory authority to appeal such a final decision.

Relying on Section 1415(f)(3)(C) of the IDEA, the school district argued that, because Michigan had no express time limitation for requesting a due process hearing, it had two years from the final decision of the Michigan Department of Education to appeal the decision.[96]   The court reasoned that while the Michigan Department of Education authorizes the appeal of an agency decision:

> "this state-established procedure cannot trump a party's right to a due process hearing granted under the IDEA.'  Although the authority cited by [the Educational Service District] outlines the timeline for appealing through the state-established procedures, the language of the IDEA provides for a two-year time limit on seeking a due process hearing.  The reasoning by the court in *Lewis Cass* is sound, and Plaintiffs' argument that [the] governing time limit is two-years is persuasive.[97]

Accordingly, the *Atlanta County Schools* court found that the school districts' request to appeal the MDE's final state complaint decision was, in fact, timely.[98]

For similar reasons, the Court finds that the WBRPSB's 2010 Due Process Hearing Request has not prescribed.  Prescription does not begin to run until the final administrative agency's decision is rendered. Therefore, Louisiana's one year prescriptive period for requesting a due process hearing did not begin to run until the

---

[96] Section 1415(f)(3)(C) under the IDEA which provides in pertinent part:
Timeline for requesting a hearing.
A parent or agency shall request an impartial due process hearing within 2 years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint, or, if the State has an explicit time limitation for requesting such a hearing under this subchapter, in such time as the State law allows.

[97] 2012 WL 4133563, at *20 (E.D. Mich. Sept. 18, 2012), citing, *Lewis Cass Intermediate School District v. M.K.*, 290 F.Supp.2d 832 (W.D. Mich. 2003).

[98] The Plaintiffs were permitted to amend their complaint to add an appeal of the MDE's final decision.

LDE rendered its Final 2009 Administrative Complaint Decision on November 20, 2009. Because the WBRPSB 2010 Due Process Hearing request was filed on July 7, 2010, the Court finds it was timely.  For these reasons, the WBRPSB prevails on its prescription argument, while the Deshotels' opposing argument fails.  Accordingly, the Deshotels' *Motion to Dismiss for Failure to State a Claim Due to a Lack of Judicial Procedure for Review and Motion for Summary Judgment* based upon prescription is denied, and the WBRPSB's *Motion for Summary Judgment* as to prescription will be granted.

## IV.    STATE DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST

In their *Counterclaim*, the Deshotels assert claims against the State Defendants under the IDEA, Section 504 of the Rehabilitation Act, the Americans with Disabilities Act (ADA), 42 U.S.C. Section 1983, and supplemental state law claims arising under article 2315 of the Louisiana Civil Code.  The State Defendants contend that, as a threshold matter, this Court lacks subject matter jurisdiction over the claims asserted against them because the Deshotels have failed to exhaust the administrative remedies available under the IDEA.  Additionally, the State Defendants contend that the Deshotels have failed to state claims under Section 504 of the Rehabilitation Act and the ADA.  For the following reasons, the Court agrees.

"Under the IDEA parties must exhaust administrative remedies prior to filing suit."[99]  Additionally, the IDEA administrative requirements must also be exhausted before filing claims under Section 504 of the Rehabilitation Act, the ADA, and 42 U.S.C.

---

[99] *Thomas v. East Baton Rouge Parish School Board*, 29 F.Supp.2d 337, 338 (M.D.La. 1998)(citing *Gardner v. School Board of Caddo Parish*, 958 F.2d 108, 111 (5th Cir. 1992)).

Section 1983 when a party is seeking relief that is also available under the IDEA.[100] The Fifth Circuit has explained why administrative exhaustion is so important: "[the] IDEA allows us to review the administrative proceedings, including the evidentiary due process hearing, but does not provide for us to act as the first hearing body."

Nevertheless, there are exceptions to the general rule. "Parents may bypass the administrative process where exhaustion would be futile or inadequate."[101] However, the Deshotels "bear the burden of proving exhaustion would be futile or inadequate."[102] "To show futility, a plaintiff must demonstrate that adequate remedies are not reasonably available or that the wrongs alleged could not or would not have been corrected by resort to the administrative hearing process."[103]

The Deshotels maintain that exhaustion of administrative remedies is futile in this case. The Deshotels' argue that this is a "'**textbook'** case of futility" because the "WBRPSB will never voluntarily comply with any administrative Ruling against it, and the State will never force it to, and it will thus harass the Deshotels indefinitely."[104] The Deshotels' argue that, in spite of WBRPSB's poor reputation with respect to providing FAPE, the State "has **still** done nothing to fulfill its IDEA mandates and provide FAPE".[105] The Deshotels' allege that the State has maintained some sort of alliance

---

[100] *Id.* "Exhaustion of administrative remedies is also required by 20 U.S.C. §1415(l) of the IDEA prior to any suit being filed under the ADA or the Rehabilitation Act." *Id.* at 339. 20 U.S.C § 1415(l) states: "Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. §12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter."

[101] *Honig v. Doe,* 484 U.S. 305, 327, 108 S.Ct. 592, 606, 98 L.Ed. 2d 686 (1988).

[102] *Thomas,* 29 F.Supp.2d at 338.

[103] *M.L. v. Frisco Independent School Dist.*, 451 Fed.Appx. 424, at 428 (5th Cir. 2011)(citing *Coleman v. Newburgh Enlarged City School Dist.*, 503 F.3d 198, 205 (2nd Cir. 2007)).

[104] Rec. Doc. 105, pp.1 and 20. (emphasis original).

[105] Rec. Doc. 105, p. 19. (emphasis original).

with the WBRPSB since late 2010 and "has utterly failed in carrying out its legal mandates and responsibilities to the Deshotels" and that the two letters sent to WBRPSB by the State are insufficient.[106]

The Court rejects the Deshotels' futility argument. "The IDEA's exhaustion requirement serves a number of policy objectives: it allows deference to agency expertise in resolving educational matters; it gives the agency a first opportunity to correct errors; it presents courts with a more fully developed record; and it prevents parties from deliberately disregarding the statute's comprehensive procedures and remedies."[107]  While the Court appreciates the frustration that the Deshotels may be experiencing due to the ongoing legal matters with the WBRPSB, the State Defendants have not been a party to any administrative complaint filed by the Deshotels and, therefore, have not had an opportunity to address the Deshotels' complaints and allegations in a forum with specific expertise in education law, including the IDEA.

Moreover, the Court finds that the Deshotels' allegations against the State Defendants are conclusory and speculative at best.  There is no factual support for the Deshotels' contention that the State Defendants will never take the appropriate remedial action to address their concerns for T.D. under the IDEA thereby making the IDEA's exhaustion requirement futile.

The Deshotels also argue that the State Defendants, as the state education agency (SEA), may not be named as a party to an administrative complaint.  Several cases, however, stand for the contrary position.  For instance, in *Bitsilly ex rel. Denet-*

---

[106] Rec. Doc. 105, p.6 and p. 20.
[107] *Marc V. v. North East Independent School District*, 455 F.Supp.2d 577, 592 (W.D.Tx. 2006).

*Yazzie v. Bureau of Indian Affairs*,[108] the District Court for New Mexico stated: "In most instances, parents of students bring IDEA lawsuits against the school or the local educational agency where the school is located, rather than the SEA.  However, parents do have the option of suing at the highest level of accountability, the SEA."[109]  Even the Fifth Circuit decision, *St. Tammany Parish Sch. Bd. v. Louisiana*,[110] relied upon by the Deshotels, lends support for the position that an SEA may be a party to a complaint brought under the IDEA.[111]  In *St. Tammany Parish Sch. Bd.*, the Fifth Circuit voiced its agreement with the Louisiana Fourth Circuit's interpretation of liability for SEAs under the IDEA whereby "both the language and the structure of IDEA suggest that either or both entities [the SEA and the LEA] may be held liable for the failure to provide free appropriate public education, as the district court deems appropriate after considering all relevant factors."[112]  The Court finds that the Deshotels' argument that the State Defendants, specifically the LDE, may not be named as a party to an administrative complaint is without merit.

Accordingly, because the Deshotels have failed to establish that exhaustion is futile or inadequate, the State Defendants' *Motion to Dismiss* for Failure to Exhaust Administrative Remedies Under Rule 12(b)(1) shall be granted without prejudice.

---

[108] 253 F.Supp.2d 1257 (D. New Mexico 2003).
[109] *Id.* at 1264 (D. New Mexico 2003).  See also, *Cannaday v. Board of Education of Rio Rancho Public Schools,* where the District Court of New Mexico, relying on *Bitsilly*, explained that it had "found no authority for the proposition that the IDEA does not contemplate a due process hearing with the SEA as a party… Certainly, SEAs have been sued and held responsible for IDEA violations." 2013 WL 5295680, *5 (D. New Mexico July 12, 2013).
[110] 142 F.3d 779 (5th Cir. 1998).
[111] *Id.*
[112] *Id.* at 784 (quoting *Gadsy by Gasby v. Grasmick*, 109 F.3d 940, at 955 (4th Cir. 1997)).

## V.     CONCLUSION

Accordingly, for the foregoing reasons, the West Baton Rouge Parish School Board's *Motion for Summary Judgment*[113] is granted in part and denied in part.   The 2010 Ruling denying the West Baton Rouge Parish School Board's Due Process Hearing Request is vacated as to those issues originally dismissed due to *res judicata* and prescription, and to the extent it prohibited a determination of whether any IEPs between February 2009 and March 2010 were offers of FAPE.   The 2010 Ruling is affirmed as to the denial of the WBRPSB's request for a due process hearing seeking a declaration that it has complied with the 2009 Due Process Ruling.

The State of Louisiana's *Motion to Dismiss*[114] is hereby GRANTED, and the Deshotels' claims against the State Defendants are dismissed without prejudice. Furthermore, the Deshotels' *Motion to Dismiss and/or for Summary Judgment*[115] is hereby DENIED.

Signed in Baton Rouge, Louisiana, on <u>March 31, 2014</u>.


_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[113] Rec. Doc. 62.
[114] Rec. Doc. 57.
[115] Rec. Doc. 58.